PATERSON AND RAMAPO RAILROAD COMPANY AND ERIE
RAILROAD COMPANY, PLAINTIFFS IN ERROR, v.
MAYOR AND ALDERMEN OF THE CITY OF PATER-
SON, DEFENDANT IN ERROR.

Submitted March 25, 1912—Decided June 20, 1912.

Under the rule laid down in *New York, Susquehanna and Western
Railroad* v. *Paterson*, 32 *Vroom* 408, it is not so much the mere
existence of a "freight yard" at the place of a proposed street
crossing of railroad property as the deprivation of beneficial use
by the railroad of such property, that must furnish the test of
the municipal right to make the crossing under general powers
to open streets and take lands therefor.

On error to the Supreme Court, whose opinion is reported
in 52 *Vroom* 75.

For the plaintiff in error, *Collins & Corbin.*

For the defendant in error, *Edward F. Merrey.*

The opinion of the court was delivered by

PARKER, J. The general conditions which give rise to this
litigation are stated in the opinion of the court below. The
general authority of the city of Paterson to lay out a street
over the right of way of a railroad may be considered as settled.
*New York, Susquehanna and Western Railroad* v. *Paterson,*
32 *Vroom* 408, 410. The claim of the plaintiff in error is,
however, that the location of the proposed crossing in this case
is at a point where the railroad has a freight yard and that the
opening of a street there would deprive the railroad company
of the beneficial use of that freight yard. If so, on the au-
thority of the case just cited, the ordinance for the opening
of Sixth avenue brought up by the writ of *certiorari* herein
should have been set aside. A similar ordinance relating to
this same crossing was set aside by the Supreme Court in 1905

on the authority of the case in 32 *Vroom. Paterson, &c., Railroad Co.* v. *Paterson,* 43 *Id.* 112. But the rule in the latter case seems to have been somewhat more broadly stated in the opinion and to declare that if a freight yard in fact exists, there is no power in the city to cross it, irrespective of the question whether the business carried on there would be destroyed or materially interfered with, which was an element in the Susquehanna case. The case in 43 *Vroom* was brought to this court and the judgment there affirmed (45 *Id.* 738), but on a ground relating entirely to the municipal procedure in enacting the ordinance, the question, whether of law or fact, or both, decided by the court below, being expressly reserved.

In the present case the Supreme Court, as appears from its opinion, has found as facts that there is no freight yard at the point of crossing, as distinct from the remainder of the tracks in the city, and also that the opening of Sixth avenue would not deprive the railroads concerned of the beneficial use of a freight yard. The first of these findings is attacked as wholly unsupported by the evidence and we are asked to reverse the judgment on this ground. It is not necessary to go into this question because, conceding that a "freight yard" exists at that point, it is of a very different character from the one under consideration in *New York, Susquehanna and Western Railroad* v. *Paterson, supra,* and while the user of it by the railroad for such uses as they now make of it will be inconvenienced to some extent, the finding of the court below that such user will not be destroyed, or even seriously impaired, appears fully justified by the evidence.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, VOORHEES, KALISCH, BOGERT, VROOM, CONGDON, WHITE, TREACY, JJ. 12.

*For reversal*—None.